UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:06CV136

LYLES M. AYERS                                                                                          PLAINTIFF

v.

MICHAEL ASTRUE,
Commissioner of Social Security                                                              DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on plaintiff Lyles M. Ayers' request for review of the decision of the defendant Commissioner denying his claim to disability insurance and supplemental security income benefits. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

Plaintiff filed his application for benefits on April 19, 2004 alleging that he had been unable to engage in any substantial gainful employment since July 17, 2003. By letter from his attorney dated February 9, 2006, he amended his disability onset date to January 1, 2005. A second letter to the ALJ from plaintiff's counsel dated February 27, 2006 states that Mr. Ayers, "has been diagnosed with a serious kidney problem. He possibly will have to go on dialysis." On March 14, 2006, Administrative Law Judge Frank Letchworth ("ALJ") rendered his Decision, determining that Mr. Ayers' work activity constituted substantial gainful activity and that he was not under a disability.

Mr. Ayers' occupation since 1980 has been "self-employed trucker." (Tr. 64) He performs significant services in performing the work of this business, including loading, unloading and driving a truck. At the hearing, Mr. Ayers testified that his income from this employment is approximately $280 to $300 per week, with at least one run per week. He did note that his routine

run used to take about ten hours, but now takes him 30 to 36 hours because he must stop and rest due to swelling in his feet (Tr. 197-8). Nonetheless, Mr. Ayers testified that he continued to make these weekly runs up until two weeks prior to the hearing. Based upon his testimony, the monthly net income of $1,120 to $1,200 for these runs would exceed the presumptive substantial gainful activity threshold.

The claimant takes issue with the ALJ's credibility assessment that he repeatedly offered vague responses to questions relating to money. This Court's review of the record indicates that Mr. Ayers was equally vague in answering similar questions in his application for disability insurance benefits on April 19, 2004, he indicated no income for that year. However, in his attorney's letter of February 9, 2006, it was revealed that Mr. Ayers' work prior to January 1, 2005, "would likely be interpreted as substantial gainful activity." (Tr. 61) In addition, the medical records also illustrate evasiveness in Mr. Ayers' responses to questions (Tr. 120-124). The ALJ's assessment that the claimant was evasive is not dispositive in this case and, at worst, would constitute harmless error.

Mr. Ayers also disputes the ALJ's determination that significant gainful activity was present through 2005, arguing that the attorney's letter of February 27, 2006 noting a possible kidney problem coupled with an award of benefits from a subsequent application require remand for further consideration on the issue. This argument fails for numerous reasons. First, the subsequent application and award of benefits are not before this Court for review. Secondly, as the claimant's hearing testimony fully supports a first step denial on the basis of substantial gainful activity, neither the ALJ nor this Court reaches the medical evidence analysis required in subsequent steps of the sequential evaluation process. Finally, there was no medical evidence of a kidney condition before

the ALJ, nor did counsel seek a remand for consideration of "new" and "material" evidence pursuant to sentence six of 42 U.S.C. §405(g).

Mr. Ayers testified at the hearing that he made approximately one run per week from Kentucky to Georgia and back. He estimated that the pay per trip was approximately $675, and he cleared about $280 to $300 per week after fuel expenses. Mr. Ayers did testify that there have been changes in his ability to carry out the weekly run, as it now takes longer for him to complete due to swelling in his feet. However, significant gainful activity is possible even where a claimant takes longer to complete the work and receives less income. Based upon the claimant's own testimony, the ALJ properly concluded that the claimant performed work that substantially contributed to his trucking business, that he engaged in significant mental and physical activity in performing that work, and that his net earnings were sufficient to raise a presumption of substantial gainful activity. That presumption was not refuted by the claimant, and the step one denial rendered by the ALJ was appropriate.

Finally, the Court has recently noted a pattern of non-compliance with this Court's scheduling orders.[1] The plaintiff's fact and law summary was due sixty (60) days after the filing of the answer, or by December 16, 2006. When that deadline was not met, plaintiff was ordered to either file a fact and law summary on or before February 7, 2007, or appear for a Show Cause Hearing on February 7, 2007. Counsel did not appear for hearing on February 7, 2007, nor was a fact and law summary filed by February 7, 2007.

---

[1] See for example 1:06cv116 Mason v. Commissioner of Social Security and 1:06cv82 Spears v. Commissioner.

The Court finds that the ALJ's step one denial in this case is supported by substantial evidence and should be affirmed. A judgment in conformity has this day entered.